UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSHUA FORSTER,

          Plaintiff,

      v.

STEPHANIE CLENDENIN, et al.,

          Defendants.

Case No.: 1:25-cv-01053-CDB

**ORDER REGARDING PLAINTIFF'S NOTICE FILED APRIL 13, 2026**

Plaintiff Joshua Forster, a civil detainee, is appearing pro se and *in forma pauperis* in this civil rights action.

## I.    RELEVANT BACKGROUND

The docket for this action reflects the following entry dated March 5, 2026:

13 | MOTION for PRELIMINARY INJUNCTION by Joshua Forster. (Deputy Clerk CM) (Entered: 03/09/2026)

On March 30, 2026, Defendant Clendenin filed an opposition to the motion. (Doc. 17.)

On April 13, 2026, Plaintiff filed a "Notice to the Court of Administrative Docketing Error and Request to Direct Clerk to Open New Civil Action; Request to Disregard Defendant's Opposition as Improperly Filed." (Doc. 20.)

## II.    DISCUSSION

### *Plaintiff's Notice*

Plaintiff's notice states "an administrative docketing error" has occurred in this action. (Doc. 20 at 1.) Plaintiff asserts that on or about February 7, 2026, he submitted "an *Emergency Motion for Preliminary Injunction Enjoining Enforcement of California Code of Regulations Title 9, Section 4014* (hereinafter 'the Section 4014 Motion') … as an independent new civil action, not as a motion within the above-captioned case." (*Id.* at 2, italics in original.) Plaintiff states his filing did not include a case number "because it is a new and independent civil action" that included an application to proceed *in forma pauperis* as required for a new action, and named "Stephanie Clendenin in her official capacity as Director of the California Department of State Hospitals, and Dr. James Rokop in his official capacity as Chief Psychologist, SVP Unit – defendants who are not named in this capacity in the instant action." (*Id.*) He asserts that "[d]espite these clear indicators," the Clerk mistakenly "docketed the Section 4014 Motion as Document 13 in" this case. (*Id.*) He "did not intend for that filing to be a part" of this case. (*Id.*)

Next, Plaintiff asserts this case concerns "Defendants' policy and practice of mandating Penile Plethysmograph ('PPG') and Polygraph assessments …" whereas the filing he intended to be opened as a new case challenges the constitutionality of California Code of Regulations, Title 9, section 4014(2)(C)(2). (Doc. 20 at 3.) Further, he maintains this action and his intended new action concern differing constitutional theories ("Fifth Amendment self-incrimination and PPG/polygraph reliability vs. Fourteenth Amendment substantive due process and the volitional impairment standard"), regulatory frameworks ("DSH assessment protocols vs. California Code of Regulations …"), named defendants and capacities, factual predicates, and relief. (*Id.* at 3-4.)

Plaintiff contends Defendant Clendenin's opposition filed March 30, 2026, "is premised entirely on the erroneous assumption that the Section 4104 Motion is part of" this case. (Doc. 20 at 4.) He maintains the opposition should be disregarded in its entirety. (*Id.*) Plaintiff continues by "respectfully [noting] that Defendant's counsel should not have filed an opposition in this case based on a docketing error without first confirming that the motion was actually filed as a part of this action. The filing of an Application to Proceed In Forma Pauperis simultaneously with the

2

Section 4104 Motion placed all parties and the Court on constructive notice that a new civil action was being initiated." (*Id.*)

Plaintiff asks the Court to direct the Clerk "to remove Document 13" and to open "a new, independent civil action, assigning a new case number and processing the accompanying Application to Proceed In Forma Pauperis," to "strike Defendant Clendenin's Opposition to Plaintiff's Motion for Preliminary Injunction, dated March 30, 2026, as improperly filed in this action," and to grant any further relief the Court deems just and proper. (Doc. 20 at 5.)

### *Analysis*

Significantly, the Court notes Plaintiff's March 5, 2026, filing, docketed as a motion for preliminary injunction, does *not* include an application to proceed *in forma pauperis*. (*See* Doc. 13 [20 pages comprised of a motion, supporting declaration, and proposed order].) Nor has a separate and second application been submitted or docketed in this action indicating such a document became separated from the intended filing.[1] (*See* docket, generally.) The absence of an application to proceed *in forma pauperis*, despite the lack of a case number on the filing, is likely to explain the action taken by the Clerk's Office. The Court notes too that the short title for this action is *Forster v. Clendenin, et al.*, and the short title for any new action would be the same. Simply put, the lack of an accompanying application to proceed *in forma pauperis* makes the filing of Plaintiff's motion in this action, rather than as a new action, understandable.

In any event, given Plaintiff's explanation, and in particular his expressed intent to open "a new, independent civil action," the Court will direct the Clerk of the Court to strike Docket Entry 13 and to open a new action based upon that document. Plaintiff is advised that once the new action has been opened and assigned a new case number, he should submit an application to proceed *in forma pauperis* in that action because, as noted above, an application was not included.

Further, the Court will direct the Clerk of the Court to strike Docket Entry 17, Defendant's opposition to Plaintiff's motion, and to file that document in the new action as well. There is

---

[1] The only application to proceed *in forma pauperis* in this action was submitted on August 21, 2025, along with the original complaint. (*See* Docs. 1 & 2.)

3

simply no basis to "disregard" the opposition "as improperly filed," particularly where the Court issued a minute order directing a response (*see* Docket Entry 16 dated 3/27/26) and it appears the opposition addresses Plaintiff's contentions. To the extent either party wishes to challenge this Court's election to include the opposition with the action to be opened, that party may choose to do so in the new action.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1. The Clerk of the Court is directed to strike Docket Entry 13 in this action and to open a new action with that filing;

2. Further, the Clerk is directed to strike Docket Entry 17 in this action and to include the opposition in the new action to be opened;

3. Plaintiff is directed to either file an application to proceed *in forma pauperis* in the new action once a new case number has been assigned or pay the filing fee in full; and

4. The Court finds no further action or relief is appropriate based upon the foregoing.

IT IS SO ORDERED.

Dated:    **April 15, 2026**

UNITED STATES MAGISTRATE JUDGE